1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RYAN STEPHEN EHRENREICH,                    No. 2:20–CV–2215 JAM KJN PS

12                  Plaintiff,                    ORDER GRANTING IFP AND STAYING
                                                  CASE; and
13        v.                                      FINDINGS AND RECOMMENDATIONS TO
                                                  DISMISS WITH PREJUDICE
14   MICHAEL WATSON,
                                                  (ECF No. 1, 2, 3)
15                  Defendant.

16

17        Plaintiff, who proceeds in this action without counsel, has requested leave to proceed in

18   forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)[1]  Plaintiff's application in support of

19   his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915.

20   Accordingly, the court grants plaintiff's request to proceed without paying the filing fee.

21        The determination that a plaintiff may proceed in forma pauperis does not complete the

22   required inquiry.  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any

23   time if it determines that the allegation of poverty is untrue, or if the action is frivolous or

24   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

25   an immune defendant.  For the reasons stated below, the court recommends the case be dismissed

26   with prejudice as legally frivolous.

27   ─────────────────────

28   [1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
     § 636(b)(1) for the issuance of findings and recommendations.

                                                  1

1    <u>Legal Standard</u>

2        Federal courts have an independent duty to assess whether federal subject matter

3    jurisdiction exists.  <u>See</u> <u>United Investors Life Ins. Co. v. Waddell & Reed Inc.</u>, 360 F.3d 960, 967

4    (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction

5    over [an] action sua sponte, whether the parties raised the issue or not"); <u>accord</u> <u>Rains v. Criterion</u>

6    <u>Sys., Inc.</u>, 80 F.3d 339, 342 (9th Cir. 1996).  The court must sua sponte dismiss the case if, at any

7    time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

8        Generally, federal courts have original jurisdiction over a civil action when: (1) a federal

9    question is presented in an action "arising under the Constitution, laws, or treaties of the United

10   States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds

11   $75,000.  <u>See</u> 28 U.S.C. §§ 1331, 1332(a).

12       However, the Supreme Court has held that federal courts lack subject matter jurisdiction

13   to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this

14   court, or otherwise completely devoid of merit as not to involve a federal controversy."  <u>Steel Co.</u>

15   <u>v. Citizens for a Better Environment</u>, 523 U.S. 83, 89 (1998) (citations and internal quotations

16   omitted); <u>Hagans v. Lavine</u>, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over

17   claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); <u>see</u>

18   <u>also</u> <u>Grancare, LLC v. Thrower by & through Mills</u>, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting

19   that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule

20   12(b)(1) for lack of federal question jurisdiction) (citing <u>Franklin v. Murphy</u>, 745 F.2d 1221,

21   1227 n.6 (9th Cir. 1984) ("A [] complaint that is 'obviously frivolous' does not confer federal

22   subject matter jurisdiction.") (abrogated on other grounds)).  A claim is legally frivolous when it

23   lacks an arguable basis either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989);

24   <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

25       Pro se pleadings are liberally construed.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21

26   (1972); <u>Balistreri v. Pacifica Police Dep't.</u>, 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear

27   that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma

28   pauperis is ordinarily entitled to notice and an opportunity to amend before dismissal.  <u>See</u> <u>Noll v.</u>

1    Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) superseded on other grounds by statute as stated in

2    Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc); Franklin v. Murphy, 745 F.2d 1221,

3    1230 (9th Cir. 1984).  However, leave to amend need not be granted when further amendment

4    would be futile.  See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

5            Analysis

6        Here, plaintiff has filed suit in the Eastern District of California against the Mississippi

7    secretary of state, arguing defendant's enforcement of a Mississippi election statute that prevents

8    the counting of votes for write-in candidates abridges his (unnamed) constitutional rights.  (ECF

9    No. 1.)  Plaintiff generally cites to the Fifth and Fourteenth Amendments, asserting defendant

10   refuses to count any votes related to plaintiff's write-in candidacy for the 2020 presidential

11   election.  (Id.)  Plaintiff prays for a plethora of remedies, up through and including preventing the

12   Mississippi secretary of state from certifying that state's election results, proportionally reducing

13   the number of votes counted in other states, and nullifying the results of the 2020 presidential

14   election.  (Id.)

15       Liberally construed, plaintiff's complaint purports to assert claims under 42 U.S.C.

16   Section 1983.  However, the undersigned finds these claims wholly frivolous.  Courts across the

17   country have upheld certain restrictions regarding write-in candidacies in a variety of contexts,

18   each of which are persuasive on the court's read of plaintiff's baseless legal assertions.  See, e.g.,

19   Am. Party of Texas v. White, 415 U.S. 767, 781 (1974) (stating, in equal-protection claim

20   regarding disparate treatment between major-party candidates and others, that "[s]tatutes create

21   many classifications which do not deny equal protection; it is only 'invidious discrimination'

22   which offends the Constitution."); Burdick v. Takushi, 937 F.2d 415, 419 (9th Cir. 1991), aff'd,

23   504 U.S. 428 (1992) (noting "[t]he Supreme Court has upheld numerous state restrictions on who

24   may qualify to run for certain offices," and finding Hawaii's restrictions on write-in candidacies

25   met a compelling interest); see also, e.g., McMillan v. New York Bd. of Election, 234 F.3d 1262

26   (2d Cir. 2000) (affirming district court's sua sponte dismissal of write-in candidate's challenges

27   to New York state election laws on grounds of frivolity.); Williams v. Oklahoma, 2016 WL

28   7665657, at *2 (W.D. Okla. Feb. 23, 2016) (noting the frivolity of plaintiff's claims against the

election officials of various states concerning a write-in candidacy).  Further, the court finds plaintiff's prayed-for remedies to be wholly frivolous, and recommends dismissal without further comment.  Steel Co., 523 U.S. at 89; Neitzke, 490 U.S. at 325; Franklin, 745 F.2d at 1227-28.

Ordinarily, the court liberally grants a pro se plaintiff leave to amend.  However, because the record here shows that plaintiff would be unable to cure the above-mentioned deficiencies through further amendment of the complaint, granting leave to amend would be futile.  Cahill, 80 F.3d at 339.

Finally, the undersigned notes that five days after the complaint was filed, plaintiff filed a motion for summary judgment.  (ECF No. 3.)  The court recommends this motion be denied as both premature, given defendant has not entered an appearance, and moot, given the dismissal recommendation.  See, e.g., Stephenson v. Lappin, 2007 WL 2200654, at *1 (E.D. Cal. Aug. 1, 2007) ("Because defendants have not yet been served and have made no appearance in this action, the court recommends that plaintiff's motion for summary judgment be denied as premature.").

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis is GRANTED;

2.  In light of the court's recommendations and plaintiff's frivolous filings, all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations.  Other than objections to the findings and recommendations, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

**RECOMMENDATIONS**

Further, IT IS HEREBY RECOMMENDED that:

1.  The action be DISMISSED WITH PREJUDICE;

2.  Plaintiff's motion for summary judgment (ECF No. 3) be DENIED; and

3.  The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to

the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after

being served with these findings and recommendations, any party may file written objections with

the court and serve a copy on all parties.  Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served

on all parties and filed with the court within fourteen (14) days after service of the objections.

The parties are advised that failure to file objections within the specified time may waive the right

to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998);

Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  November 13, 2020

ehre.2215

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5